Madden, Judge,
dissenting in part.
I do not think that the circumstances set forth in the-findings of fact with reference to the cost of trucking the coal bring the increase in the cost of trucking within the 1938 act, as increases occurring, in a legal sense, “as a result of the enactment of the National Industrial Recovery Act.”' I would therefore eliminate from the judgment any allowance for such an increase.
Whitakee, Judge, took no part in the decision of this case..
*731 No. 44343.
April 7, 1941

William G. Eeiner and 0. Lawrence Evans, Trustees of National Radiator Oorf oration.

The court made special findings of fact in part as follows, upon a stipulation of the parties:
1. The National Radiator Corporation is a corporation organized under the laws of the State of Maryland, and is engaged in the manufacture of heating equipment with its plant and principal office at Johnstown, Pennsylvania.
2. William G. Heiner and C. Lawrence Evans are the duly appointed and qualified trustees of the National Radiator Corporation * * *.
3. On February 6, 1933, the defendant entered into a contract with John McShain, of Philadelphia, Pennsylvania, as general contractor, for the construction, in accordance with drawings and specifications, for the defendant as owner, of a federal building at Philadelphia, Pennsylvania, known as the United States Naval Hospital and related Buildings, said contract being Contract No. NOy-1717.
4. On March 30, 1933, the general contractor, John McShain, entered into a subcontract with Daniel J. Keating, Inc., of Philadelphia, Pennsylvania, for the furnishing and installation by the subcontractor of all plumbing and heating-work called for and required by the prime contract.
5. On April 21, 1933, the National Radiator Corporation entered into a subcontract with Daniel J. Keating, Inc., under which it agreed for a fixed price for future delivery when required to furnish radiators for 56,000 feet of radiation required by the' prime contract in the construction of the Naval hospital and related buildings.
6. Before any of the radiators could be produced under the agreement of April 21,1933, with Daniel J. Keating, Inc., the National Industrial Recovery Act was enacted and approved on June 16, 1933, and pursuant to the terms of said Act, the plaintiff entered into an agreement with the President known as the “President’s Reemployment Agreement” authorized by Section 4a of said Act. On February 3,1934, the plaintiff became bound by the Code of Fair Competition for the Cast Iron Boiler and Cast Iron Radiator Industry,
*732 No. 44364.
April 7, 1941
Reporter's Statement of the Case duly approved by the President under the authority of the act of June 16, 1933.
7. The plaintiff complied with and adhered to the agreement with the President and applicable code of fair competition in the manufacture and production of its products. In so complying, the plaintiff shortened its total weekly hours of work in its plants, and made increases and adjustments of the pay of its employees, which resulted in its incurring increased and added costs in the manufacture and production of the radiators.
8. As a result of the operation of the plaintiff’s plants pursuant to the provisions of the President’s reemployment agreement and code of fair competition as above set forth, plaintiff’s direct labor costs on the radiators manufactured after August 25,1933, and delivered to Daniel Keating, Inc., for use in the Naval hospital and related buildings, was the sum of $670.22 over and above what it would have been otherwise, all incurred as a result of tire enactment of the National Industrial Recovery Act, approved June 16, 1933, and the promulgation of the President’s Reemployment Agreement and applicable code pursuant thereto. The above amount does not include increased salaries of officials or employees in executive or managerial positions earning $35.00 per week or more. Plaintiff complied with the memorandum and order as to procedure in submitting proof of increased costs issued by the Court on February 1, 1939.
•í» H* H»
The court decided that the plaintiff was entitled to recover the sum of $670.22.
Hanleyj Company, A Corporation.
The court made special findings of fact in part as follows, upon a stipulation of the parties:
1. Plaintiff is a Pennsylvania corporation having its principal office at Bradford, Pennsylvania, and is engaged in the manufacture of brick and structural clay units. The brick *733 manufactured by the plaintiff company, excepting variations as to grades, was a standard product.
2. On February 6, 1933, the defendant entered into a contract with John McShain, of Philadelphia, Pennsylvania, as general contractor, for the construction, in accordance with drawings and specifications, for the defendant as owner, of a federal building at Philadelphia, Pennsylvania, known as the United States Naval Plospital and related Buildings, said contract being Contract No. NOy-1717.
3. On February 24, 1933, the general contractor, John McShain, entered into a subcontract with John B. Kelly, Inc., of Philadelphia, Pennsylvania, for the performance by the subcontractor of the brick work required by the prime contract.
4. On or about April 6, 1933, plaintiff accepted written order No. B711-4 of the subcontractor, John B. Kelly, Inc., for future delivery at a fixed price per thousand bricks for various grades named in the order for approximately 2,356,-000 bricks required and called for by the prime and subcontracts. Plaintiff fulfilled the above order by manufacturing and delivering the bricks required in the construction of the United States Naval Hospital and related buildings.
■5. Before plaintiff could manufacture and deliver the bricks required by John B. Kelly, Inc., under the order of April 6,1933, the National Industrial Recovery Act wag enacted and approved on June 16, 1933, and pursuant to the terms of said Act plaintiff, on July 29, 1933, entered into an agreement with the President known as the “President’s Reemployment Agreement” authorized by Section 4a of said Act. On December 7, 1933, plaintiff became bound by the Code of Fair Competition for the Structural Clay Products Industry, as amended May 1, 1934, and November 5, 1934, duly approved by the President under the authority of the act of June 16, 1933.
6. On and after August 1, 1933, plaintiff complied with and adhered to the agreement with the President and applicable code of fair competition in the manufacture and production of its products. Plaintiff shortened the total weekly hours of employment of its employees, increased the pay of its employees to the minimum required by the agreement and *734 code, made certain adjustments with those employees whose pay was in excess of the minimum scale of wages set by the agreement and code so that their total weekly pay would not be less under the shortened weekly hours than they had received prior thereto.
7. As a result of the operation of the plaintiff’s plant pursuant to the provisions of the President’s reemployment agreement and code of fair competition as above set forth, plaintiff’s direct labor costs on the materials manufactured by the plaintiff after August 1, 1933, and delivered to John B. Kelly, Inc., for use in the construction of the United States Naval Hospital and related buildings, was the sum of $1,120.56 over and above what it would have been otherwise, all incurred as a result of the enactment of the National Industrial Recovery Act, approved June 16, 1933, and the promulgation of the President’s reemployment agreement and applicable code pursuant thereto.
$ $ $ $ $
The court decided that the plaintiff was entitled to recover the sum of $1,120.56.